UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD WILSON, | Case No. 23-CV-1995 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** and<br>**REPORT AND RECOMMENDATION** |
| RAMSEY COUNTY ADC and PEACH COMPANY, | |
| Defendants. | |

On August 16, 2023, this Court directed plaintiff Edward Wilson, a prisoner, to pay an initial partial filing fee of at least $23.09 within 21 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* Dkt. No. 4.  When Mr. Wilson did not respond to the order within the time allotted, this Court recommended that the matter be dismissed. *See* Dkt. No. 5.  But Mr. Wilson has now requested additional time in which to pay the initial partial filing fee, asserting that he is currently unable to make the $23.09 payment. *See* Dkt. No. 6.

Under 28 U.S.C. § 1915(b)(4), a court may waive the requirement that a prisoner pay an initial partial filing fee if it is determined that the prisoner "has no assets and no means by which to pay" that fee.  This Court concludes, based on the representations in Mr. Wilson's recent letter, that he has no assets and no means from which to pay the $23.09 initial partial filing fee previously assessed in this matter.  Accordingly, the requirement of payment of that initial fee will be waived in this matter, and the Court's prior

recommendation that this action be dismissed without prejudice due to Mr. Wilson's failure to pay the initial partial filing fee will be vacated.

The matter of Mr. Wilson's initial partial filing fee having been resolved, this matter is now ripe for review under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Under § 1915A(b),

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they

2

still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Wilson alleges that, in 2019, while incarcerated at the Ramsey County Adult Detention Center, he ate a peach.  *See* Compl. at 1 [Dkt. No. 1].  That peach had a "seed [that] was so big and sharp that it cut the inside" of Mr. Wilson's throat.  *Id.*  Mr. Wilson was given medical attention by the jail nurse, but he regards the experience as harrowing — Mr. Wilson avers that "I don't eat peaches to this day!", *id.* — and he requests $500 million in compensation from the jail and "whatever the name of the peach company," *id.*

This does not amount, even arguably, to a violation of federal law.  As an initial matter, the Ramsey County Adult Detention Center is not a cognizable defendant, *see De La Garza v. Kandiyohi County Jail, Correctional Institution*, 18 F. App'x 436 (8th Cir. 2001) (per curiam), but even if it were, Mr. Wilson has not adequately alleged how the jail, any person employed at the jail, or the political entity that employed the jail (Ramsey County) acted unlawfully.  There is no suggestion that jail officials knew that hidden within the peach lay an unusually large and sharp seed, and subjective knowledge of substantial risk of harm (or disregard of an inherently obvious harm) is a necessary element of any deliberate-indifference claim arising under 42 U.S.C. § 1983.  *See Letterman v. Does*, 789 F.3d 856, 859 (8th Cir. 2015).  Similarly, jail officials are not alleged to have ignored—or, for that matter, even to have mistreated—Mr. Wilson's subsequent injury, defeating any claim under § 1983 directed at that aspect of jail officials' conduct.  The peach company, not being a state actor, cannot be sued under § 1983.  *See Doe v. North Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2022) ("Only a state actor can face § 1983 liability.").  And no

federal statute[1] other than § 1983 occurs to this Court as even an arguable source of recovery under federal law that might be applicable to the events at issue (Mr. Wilson himself does not mention a statute or specific cause of action in his very short complaint). Mr. Wilson has failed to state a claim on which relief may be granted.

This leaves Mr. Wilson's IFP application. (Dkt. No. 3). An IFP applicant's complaint will be dismissed—and the IFP application will be denied—if the court determines, for one, that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court has made such a recommendation here. Therefore, the Court also recommends that Mr. Wilson's IFP application be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (explaining that magistrate should have "denied leave to the prisoner to proceed *in forma pauperis* on the grounds that his petition for a writ of habeas corpus was frivolous" to avoid "an unfortunate chain reaction requiring response by the state and further judicial involvement").

This Court warned Mr. Wilson that "[i]t is overwhelmingly unlikely" that his complaint would survive review under § 1915A. *See* Dkt. No. 4 at 2 n.2. This Court further warned Mr. Wilson that, if he prosecuted this action, he would be responsible for the $350.00 statutory filing fee.  Those warnings having gone unheeded, this action should be

---

[1] Mr. Wilson does not allege that the parties are of diverse citizenship—and could not so allege, as the citizenship of the John Doe peach company cannot be ascertained until the identity of the company itself is ascertained.  The Court therefore lacks original jurisdiction over any state-law causes of action that might be implied by the complaint. *See* 28 U.S.C. § 1332(a).

4

dismissed and the IFP application should be denied. Prison officials will be informed of Mr. Wilson's obligation to pay the statutory filing fee consistent with § 1915(b)(2).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The August 16, 2023 Report and Recommendation [Dkt. No. 5] is **VACATED**.

2. Mr. Wilson is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Wilson is confined.

## RECOMMENDATION

IT IS FURTHER RECOMMENDED THAT:

1. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

2. The application to proceed *in forma pauperis* of plaintiff Edward Wilson [Dkt. No. 3] be **DENIED**.

Date: September 12, 2023

                                           *s/ John F. Docherty*
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).