## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Wilson, | Case No. 23-cv-1995 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County ADC, and<br>Peach Company, | |
| Defendants. | |

The above-referenced matter comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty dated September 12, 2023. [ECF No. 8]. The R&R recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A and that Plaintiff Edward Wilson's application to proceed *in forma pauperis* be denied on the grounds that Mr. Wilson's Complaint fails to state a claim upon which relief can be granted. [*Id.*]. No objections have been filed to that R&R in the time period permitted.

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Based on the Court's careful review of the R&R and the

record in this case, the Court adopts the findings of the Magistrate Judge. The Court finds no error in the analysis or conclusions of Judge Docherty.

Mr. Wilson alleges that, in 2019, while incarcerated at the Ramsey County Adult Detention Center, he ate a peach that had a "seed [that] was so big and sharp that it cut the inside of his throat." [ECF No. 1 at 1]. Mr. Wilson was given medical attention by the jail nurse, but he regards the experience as harrowing and requests $500 million in compensation from the jail and "whatever the name of the peach company." [*Id*.]. Mr. Wilson brings this Complaint against the Ramsey County Adult Detention Center and the Peach Company, alleging violation of his rights under 42 U.S.C. § 1983.

The Magistrate Judge recommended that Mr. Wilson's Complaint be dismissed for failure to state a claim under § 1983 because Mr. Wilson fails to allege how the jail, any person employed at the jail, or the political entity that employed the jail acted unlawfully. There is no indication that the jail staff was aware that the peach contained an unusually large and sharp seed; additionally, any claim of deliberate indifference under 42 U.S.C. § 1983 requires subjective knowledge of a substantial risk of harm (or disregard of an obvious harm). *See Letterman v. Does*, 789 F.3d 856, 859 (8th Cir. 2015). Likewise, no allegation has been made that jail personnel neglected or mistreated Mr. Wilson's subsequent injury, negating any § 1983 claim directed at that aspect of jail officials' conduct. Regarding the peach company, the company is not subject to § 1983 claims because there is no indication that it is a state actor. *See Doe v. North Homes, Inc.* 11, F.4th 633, 637 (8th Cir. 2022) ("Only a state actor can face § 1983 liability.").

Based on a review of the R&R and Mr. Wilson's Complaint, the Court orders that this matter be dismissed.  Furthermore, when a court finds that an action does not establish a claim upon which relief may be received, the IFP applicant's complaint will be dismissed, and the IFP application will be denied.  28 U.S.C. § 1915(e)(2)(B)(ii).  Since the Court here orders dismissal of Mr. Wilson's Complaint, the Court also denies Mr. Wilson's IFP application.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's Report and Recommendation dated September 12, 2023, [ECF No. 8] is hereby **ADOPTED**;

2. Plaintiff's application for leave to proceed *in forma pauperis* [ECF No. 3] is **DENIED**; and

3. This action is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**Let Judgment be entered accordingly.**

Date: December 6, 2023

*s/Katherine Menendez*
Katherine Menendez
United States District Court