# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Edward Wilson,                                    Case No. 23-cv-1995 (KMM/JFD)

                    Plaintiff,

v.                                                               **ORDER**

Ramsey County ADC, and
Peach Company,

                    Defendants.

---

  This matter is before the Court on Plaintiff Edward Wilson's application to proceed *in forma pauperis* ("IFP") on appeal.  [ECF No. 17].  On December 6, 2023, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge John F. Docherty and dismissed this case with prejudice.  [ECF No. 12].  On December 20, 2023, Mr. Wilson filed a Notice of Appeal to the United States Court of Appeals for the Eighth Circuit.  [ECF No. 16].  In his Notice, Mr. Wilson indicated that he was appealing the Order on his application to proceed in district court without preparing fees or costs, the Order adopting the R&R [ECF No. 12], and the Judgment in this matter.  [ECF No. 13].

  A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status may be denied when the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3).  To determine

whether an appeal is taken in good faith, courts consider whether the claims to be decided on appeal are factually frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  This is the case when an appeal "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Although the Court does not believe its Order dismissing this action was in error, the Court finds that Mr. Wilson's appeal is not frivolous for purposes of 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A).

Because Mr. Wilson is a prisoner, his appellate IFP application is governed by the Prison Litigation Reform Act, including its provisions requiring payment of the full filing fee in installments and the payment of an initial partial appellate filing fee.  *See* 28 U.S.C. § 1915(b)(1)–(2). The Court received Mr. Wilson's notice of appeal and application for IFP status on appeal on December 20, 2023.  According to *Henderson v. Norris*, "[i]f the district court does not receive a certified copy of the prisoner's account within 30 days of the notice of appeal, it shall calculate the initial appellate filing fee at $35 or such other reasonable amount warranted by available information."  129 F.3d 481, 485 (8th Cir. 1997).  Given that a certified copy of Mr. Wilson's trust account statement was not received within 30 days of the notice of appeal, and based on the available information in the record,[1] the Court will assess a $35 initial partial appellate filing fee.

---

[1] The record reflects that the Clerk of Court has recently received installment payments from Mr. Wilson's account to cover the unpaid balance of the district court filing fee.  This indicates that, although Mr. Wilson is financially eligible for IFP status, he does not lack the means to pay an initial partial appellate filing fee in this matter, and the $35 fee indicated by *Henderson* appears appropriate under the circumstances.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* on appeal [ECF No. 17] is **GRANTED**.  **IT IS FURTHER ORDERED that** Mr. Wilson is required to pay an initial partial appellate filing fee of $35.

Date: February 21, 2024                    *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States District Court